JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | CV 19-09747-AB (MAAx) | Date: | December 19, 2019 |

| Title: | *Rodney Lewis v. Moki Doorstep Corp., et al.* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |

| Carla Badirian | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendants Moki Doorstep Co., Zachary Brown, and Alyssa Brown ("Defendants") removed this action on the basis of diversity jurisdiction. On November 19, 2019, the Court issued an Order to Show Cause ("OSC," Dkt. No. 12) why the case should not be remanded for lack of subject jurisdiction. Defendants filed a Response (Dkt. No. 13) to the OSC, and Plaintiff filed a Reply (Dkt. No. 14).[1] The Court hereby **REMANDS** the action to state court.

---

[1] Per the schedule set in the OSC, briefing was closed as of Plaintiff's reply. But after Plaintiff filed his reply, Defendant filed a Supplemental Declaration of Zachary Brown (Dkt. No. 15), to which Plaintiff objected (Dkt. No. 16). The Supplemental Declaration presents new matters Defendants could have and should have presented in their response, and is tantamount to an unauthorized surreply. *See* Local Rule 7-10 ("Absent prior written order of the Court, the [a] party shall not file a response to the reply."). The Supplemental Declaration was therefore wholly unjustified. The Court therefore **STRIKES** the Supplemental Declaration (Dkt. No. 15) and has not considered it in resolving the OSC.

## BACKGROUND

Defendants removed this action based on diversity jurisdiction, which requires that the parties be in complete diversity and the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. In its OSC, the Court explained that Defendants' Notice of Removal ("NOR") did not establish that the $75,000 amount in controversy is satisfied. The NOR stated, "Plaintiff seeks compensatory damages based on his claim that he has an ownership interest in a company whose product has already generated significant consumer interest and commercial success. He also seeks disgorgement of any revenues and profits obtained or received by Defendants. [] Plaintiff also seeks punitive damages in connection with his fraud and tort claims. [] Plaintiff also seeks attorney fees in connection with his elder abuse claim pursuant to California Welfare and Institutions Code section 15657.5. [] The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000." NOR ¶¶ 23-26. The Court found that it was not obvious from the Complaint that the amount in controversy is satisfied, and that Defendants did little more than repeat from the Complaint the categories of damages Plaintiff seeks. Defendants provided no allegations or information from which the amount in controversy can be quantified or from which it can be ascertained that it exceeds $75,000.

## LEGAL STANDARD

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). Thus, "[i]f it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566–67.

## DISCUSSION

Defendants have not met their burden. Defendants argue that the amount in controversy is satisfied because Plaintiff seeks to recover a 50% ownership interest in Moki Doorstep Co., which they claim is valued at $3 million. This purported

"valuation," however, was a mere offer to buy the company by an investor on the reality TV show *Sharktank*. Defs' Resp. 2:9-13. The Court finds this purported valuation is not probative of the company's actual value for several reasons, including because, as Defendants themselves admit, "that deal ultimately fell through." *Id.* The Court therefore ignores the retracted $3 million offer presented on *Sharktank*. Defendants failed to present a meaningful or substantial metric of the company's actual value, so they have not established the amount put in issue by Plaintiff's claim for a 50% ownership interest in the company.

Defendants also argue that Plaintiff's demand letter for $1.5 million plus $375,000 in attorneys' fees satisfies the amount in controversy. But these numbers were expressly tied to Defendants' claimed $3 million valuation of the company, which, for the reasons stated above, simply carries no weight. Because that valuation is illusory, so too is Plaintiff's demand based expressly thereon. *Cf. Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 276 (1977) (plaintiff's assertion of amount in controversy will be disregarded if it appears "the claim is really for less than the jurisdictional amount. . ."). Defendants also point to Plaintiff's demand for punitive damages as satisfying the amount in controversy, but punitive damages turn on the amount of compensatory damages, and as stated, Defendant has presented no colorable estimate of the latter, and therefore does not establish the amount put in issue by the punitive damages claim.

## CONCLUSION

For the foregoing reasons, Defendants have not met their burden to establish that the amount in controversy is satisfied. The Court therefore finds that it lacks subject matter jurisdiction over this action and **REMANDS** it to the state court from which it was removed.

**IT IS SO ORDERED**.

CV-90 (12/02)     **CIVIL MINUTES – GENERAL**     Initials of Deputy Clerk CB

3